IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: AREDIA AND ZOMETA                                )
PRODUCTS LIABILITY LITIGATION                           )
                                                        )
                                                        )
This Document Relates To Case Nos.:                     )
3:07-CV-01184; 3:07-CV-01185; 3:07-CV-01186;   )
3:07-CV-01187; 3:07-CV-01188; 3:07-CV-01189;   )   NO. 3:06-MD-1760
3:07-CV-01190; 3:07-CV-01191; 3:07-CV-01192;   )   JUDGE CAMPBELL
3:07-CV-01193; 3:07-CV-01194; 3:07-CV-01195;   )
3:07-CV-01196; 3:07-CV-01197; 3:07-CV-01198;   )
3:07-CV-01199; 3:07-CV-01200; 3:07-CV-01201;   )
3:07-CV-01202; 3:07-CV-01203; 3:07-CV-01204;   )
3:07-CV-01205; 3:07-CV-01206; 3:07-CV-01207;   )
3:07-CV-01208; 3:07-CV-01209; 3:07-CV-01210;   )
3:07-CV-01211; 3:07-CV-01213; 3:07-CV-01225;   )
3:07-CV-01226; 3:07-CV-01280                            )

## MEMORANDUM

Pending before the Court is Defendant's Motion for a Section 1404(a) Venue Transfer of the Severed *Anderson*, *Becker* and *Wood* Actions to Plaintiffs' Home Fora Following the Close of MDL Discovery in Each Case (Docket No. 1073).  For the reasons stated herein, Defendant's Motion is GRANTED.

## INTRODUCTION

This multidistrict products liability litigation action was brought by Plaintiffs from all across America against Defendant Novartis Pharmaceuticals Corporation, alleging that two prescription intravenous medications manufactured by Defendant -- Aredia and Zometa -- increase the risk of and cause osteonecrosis of the jaw ("ONJ"), which is a "painful, irreversible and disfiguring disease."  Plaintiffs bring causes of action based upon the legal theories of strict liability and negligence.

Following the Court's denial of class certification, the three cases originally brought in this

Court, the *Anderson*, *Becker* and *Wood* actions (originally Case Nos. 3:05-cv-0716, 3:05-cv-0718

and 3:05-cv-0719) were severed into individual cases for each Plaintiff.  None of these Plaintiffs

resides in the Middle District of Tennessee.

Defendant has now moved to transfer venue of these actions, after the completion of MDL

discovery, to the home fora of the individual Plaintiffs, pursuant to 28 U.S.C. § 1404(a).

SECTION 1404(a)

The standard for transfer of venue to a more convenient forum is found in 28 U.S.C.

§ 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other district or division where it might have been

brought."

Venue is proper in this Court because Defendant Novartis "resides" and is subject to personal

jurisdiction here.   Even in cases where venue is proper, however, a court may entertain a motion

to transfer if there exists a better forum for the resolution of the dispute between the parties.  *Kay*

*v. National City Mortgage Co.*, 494 F.Supp. 2d 845, 849 (S.D. Ohio 2007).

The threshold consideration under § 1404(a) is whether the action might have been brought

in the transferee court.  Here, it is undisputed that the individual actions could have been brought

in the Plaintiffs' home fora.

The second issue to be determined is whether transfer is justified for the convenience of the

parties and witnesses and in the interest of justice.  The moving party has the burden of establishing

the need for a transfer of venue.  *Kay*, 494 F.Supp. 2d at 849-50.  The decision of whether to grant

a change of venue ultimately lies within the sound discretion of the district court.  *Id*. at 850.

2

Courts typically divide the relevant factors under § 1404(a) into two categories: private interests of the parties and the public interest in the fair and efficient administration of justice. *In re Consolidated Parlodel Litigation*, 22 F.Supp. 2d 320, 323 (D. N.J. 1998).

The relevant private interests typically include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Kay*, 494 F.Supp. 2d at 850. Courts also look to the parties' preferences, whether the claim arose elsewhere, and the location of relevant documents. *Parlodel*, 22 F.Supp. 2d at 323.

Relevant public interest factors include docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the local interests in deciding local controversies at home, and the familiarity of the local court with controlling state law. *Id.; Kay*, 494 F.Supp.2d at 850.

APPLICABILITY TO THESE CASES

(1) Plaintiff's choice of forum

A plaintiff's choice of forum is generally entitled to substantial weight. *Kay*, 494 F.Supp.2d at 850. This choice is given less consideration, however, if the plaintiff chooses a forum that is not his residence. *Id*. When a given action has a limited connection with the forum, the plaintiff's choice is to be afforded less weight than would otherwise be the case. *Allenberg Cotton Co. v. Staple Cotton Cooperative Ass'n.*, 2007 WL 2156352 at * 2 (W.D. Tenn. July 25, 2007).[1]

---

[1]     The plaintiff's interest diminishes where the plaintiff chooses a foreign forum rather than his or her home forum. *Parlodel*, 22 F.Supp.2d at 323. The plaintiff's interest decreases even further where the central facts of a lawsuit occur outside the chosen forum. *Id*. at 324.

Defendant has shown that, in each of these cases, the Plaintiff does not live in the Middle District of Tennessee, the treating physician is not in the Middle District of Tennessee, the subject drugs were not prescribed or administered to the Plaintiff in the Middle District of Tennessee, the Plaintiff's alleged injuries did not arise in the Middle District of Tennessee, and other important non-party witnesses, such as medical providers, do not reside in the Middle District of Tennessee.

The Court finds that although Plaintiffs' choice of this forum carries significant weight, the fact that there is a limited connection to this forum requires that Plaintiffs' choice be given diminished weight.

(2) Access to proof and witnesses

The convenience of witnesses is considered to be of the utmost importance in ruling on a motion to transfer venue. *Kay*, 494 F.Supp.2d at 852. Defendant argues that important non-party witnesses would not be subject to the subpoena power of this Court and would be inconvenienced by a trial in this district.

Plaintiffs' individual causes of action arose where the allegedly injurious medication was administered to them. For critical issues such as specific causation, failure to warn, and damages, testimony from the physicians and other medical providers who prescribed and administered the drugs to Plaintiffs is essential for both parties. These witnesses and the relevant documentary and other evidence are located in the home states of each individual Plaintiff. As Defendant notes, none of these individuals[2] could be compelled through subpoena to appear in this Court.

---

[2]     The *Foster* and *Montgomery* cases, which are brought by Tennessee residents in other districts, are discussed below.

Plaintiffs contend that Defendant cannot complain about the inconvenience of the Plaintiffs'

witnesses, yet nothing indicates that these medical providers should be considered Plaintiffs'

witnesses alone.  Defendant certainly may cross-examine, impeach and otherwise use the testimony

of the relevant medical providers in defense of its case on both liability and damages issues.

Plaintiffs also argue that Defendant has not shown how the testimony of these witnesses would be

necessary.  The Court finds that, given the issues of negligence, failure to warn, strict liability, and

damages in this case, clearly the medical providers' testimony is important.

Plaintiffs also assert that Defendant has not shown that the witnesses in question would not

appear voluntarily or that videotaped depositions would be inadequate.  Even if the witnesses need

not be compelled to testify, however, which the Court finds most unlikely, the inconvenience

imposed upon them by requiring them to travel from their home states to the Middle District of

Tennessee weighs in favor of transferring the cases.  *See Kay*, 494 F.Supp.2d at 852.  Even if the

witnesses were willing to testify, the long-distance travel required could impede trial in this district

and would impose substantial expense on witnesses or the parties calling them.  *Parlodel*, 22

F.Supp.2d at 324.

In addition, the method of presenting videotaped depositions is not the equivalent of live

testimony by these witnesses.  *See Parlodel,* 22 F.Supp.2d at 324.  "[T]o fix the place of trial at a

point where litigants cannot compel personal attendance and may be forced to try their case on

deposition, is to create a condition not satisfactory to court, jury or most litigants."  *Id*. (citing *Gulf*

*Oil v. Gilbert*, 330 U.S. 501, 511 (1947)).  Trial by videotape is simply not preferable to live

examination in front of a jury.  *Kay*, 494 F.Supp.2d at 853.  After having held more than 150 trials,

this Court is of the opinion that live testimony is preferable to deposition testimony.

The inability of this Court to compel the live testimony of critical witnesses at trial suggests that transfer is appropriate. *Parlodel*, 22 F.Supp.2d at 324. The Court finds that the convenience of the witnesses factor weighs in favor of transfer of these cases to their home fora.

(3) Places where the claims arose

Because the subject drugs were marketed, prescribed and administered to the Plaintiffs in their home districts, and because any alleged physical injuries occurred there, the Court finds that the causes of action arose in the individual home districts. Thus, this factor weighs in favor of transfer.

(4) Docket congestion

The Court finds that the factor concerning docket congestion likely weighs against transfer of these cases.

(5) Local interests

Plaintiffs' home districts have a greater interest in these actions because the central facts of these lawsuits occurred there and the Plaintiffs were allegedly injured there. The burden of jury duty should not be placed on citizens with a remote connection to the lawsuit. *Parlodel*, 22 F.Supp.2d at 327. "When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale." *Id*. (quoting *In re EDRSIL*, 850 F.Supp. 188, 195 (E.D. N.Y. 1994)).

The value of holding these trials in the communities where members of the public were affected weighs in favor of transferring the actions to those local communities.

(6) Familiarity with state law

6

Each of these claims involves state law questions of strict liability, negligence, failure to warn, and related defenses. Thus, the law of each Plaintiff's home state will govern most, if not all, of the claims in these cases. The Court finds that the application of the law of each Plaintiff's home state weighs in favor of transfer.

(7) Conclusion

Weighing all these factors, the Court, in its discretion, finds that, pursuant to 28 U.S.C. § 1404(a), the convenience of the parties and witnesses and the interests of justice weigh in favor of transfer of the Plaintiffs' cases to their home fora following the consolidated discovery in these cases.[3]

THE *FOSTER* AND *MONTGOMERY* CASES

Two of the Plaintiffs in these cases reside in the State of Tennessee, although not within the Middle District of Tennessee. Plaintiff Betty Foster resided in Athens, Tennessee prior to her death, and her personal representative, Robert Foster, also resides in Athens. The record indicates that Plaintiff Foster received her medical treatments, both administration of the subject drugs and subsequent dental treatment, in Knoxville, which is in the Eastern District of Tennessee. Plaintiff Bobby Montgomery resides in Bartlett, Tennessee, and received medical treatments, both administration of the subject drugs and subsequent dental treatment, in and around Memphis, which is in the Western District of Tennessee.

---

[3] On November 10, 2005, this Court denied Defendant's Motion to Transfer the *Anderson*, *Becker* and *Wood* cases to the Eastern District of Tennessee, finding that, on the record before it, a change of venue was not appropriate. The requested change of venue at that time was not to transfer the cases to the respective Plaintiffs' home fora, but rather to transfer all three cases to another district court in Tennessee. In any event, the current, more fully developed record supports transfer to the Plaintiffs' home fora.

In each of these cases, the same considerations as set forth above apply.  The Court finds that the convenience of the parties and witnesses and the interests of justice weigh in favor of transfer of these two cases to their home districts as well.

CONCLUSION

For all these reasons, Defendant's Motion (Docket No. 1073) is GRANTED, and the individual Plaintiffs' cases will be transferred, at the conclusion of discovery, to their respective home fora.

The trial and pretrial conference dates for the *Anderson* case, No.3:07-cv-1184 (October 17, 2008, and November 4, 2008) and the *Melau* case, No. 3:07-cv-1198 (December 15, 2008, and January 6, 2009) are canceled on this Court's docket.  These cases are referred to the Magistrate Judge for continued case management and the preparation of selected cases for bellwether trials in appropriate venues.

IT IS SO ORDERED.

_____

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE